**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> FOURSQUARE LABS, INC., <br><br> Defendant. | C.A. No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies" or "Plaintiff") hereby alleges for its Complaint for Patent Infringement against Defendant Foursquare Labs, Inc. ("Foursquare" or "Defendant"), on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### THE PARTIES

1.     Plaintiff Blackbird Technologies is a limited liability company organized under the laws of Delaware, with its principal place of business located at One Boston Place, Suite 2600, Boston, MA 02108.

2.     On information and belief, Defendant Foursquare is a corporation organized and existing under the laws of Delaware with its principal place of business located at 568 Broadway, 10th Floor, New York, NY 10012.

### JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

4.      Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5.      This Court has personal jurisdiction over Defendant because Defendant is subject to general and specific jurisdiction in Delaware.  Defendant has also established minimum contacts with this forum.  Defendant has been incorporated in Delaware at all relevant times. Defendant regularly conducts business in Delaware, including by operating, supporting, and offering for download and installation a smartphone app that allows users to share their locations and message one-another to meet up ("Swarm App").  The acts by Defendant in this district have caused injury to Blackbird Technologies.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) at least because Defendant has transacted business within this district and has committed acts in this district that infringe U.S. Patent No. 7,797,448.

### U.S. PATENT NO. 7,797,448

7.      U.S. Patent No. 7,797,448 (the "'448 patent") entitled, "GPS-Internet Linkage," was duly and legally issued by the U.S. Patent and Trademark Office on Sept. 14, 2010. Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '448 patent, including all right to recover for any and all infringement thereof.  The '448 patent is valid and enforceable.  A true and correct copy of the '448 patent is attached as Exhibit A.

8.      Claim 1 of the '448 patent recites, for example, an integrated system whereby computers equipped with Global Positioning System ("GPS") units are configured to identify their respective locations and communicate with each other over the Internet.  This integration is directed to a specific improvement in the way computers can transmit messages over the Internet

by enabling transmitted data to have an associated location characteristic that can be used to help

identify the transmitting computer, implement security protocols in a private network, or track

the movement of transmitting mobile devices, for example.  This claim, therefore, is necessarily

rooted in computer technology in order to address a challenge specifically arising in the realm of

computer networks and particular to the Internet, and requires a GPS unit such that other systems

and methods of identifying a transmitting computer's location are not pre-empted, including

without limitation by using only Wi-Fi access points and cellular tower locations.

9.       The integration of Internet communications with GPS specifically, as opposed to

other means for determining the location of mobile devices, was a novel approach at the time of

the invention that coincided with then Vice President Al Gore's announcement of a GPS

modernization initiative to make GPS more accessible to the public by adding new civil signals

for future GPS satellites.  *See* Press Release, The White House, Vice President Gore Announces

New Global Positioning System Modernization Initiative (Jan. 25, 1999), *available at*

http://clinton6.nara.gov/1999/01/1999-01-25-vice-president-gore-announces-new-global-positioning-system.html.

10.      Claim 4 of the '448 patent depends upon claim 1 to further recite, for example,

that the integrated system creates localized computer networks based on geographic proximity of

the computers equipped with GPS units.

11.      Claim 6 of the '448 patent depends upon claim 1 to further recite, for example,

that the integrated system provides automatic identification of the computers equipped with GPS

units.

12.      Claim 8 of the '448 patent recites, for example, a method for identifying the

locations of computers equipped with GPS units by using the integrated system of claim 1.

<u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,797,448</u>

13.     Blackbird Technologies reasserts and incorporates by reference Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14.     Defendant has become aware of the '448 patent at least by virtue of the filing of this Complaint.

15.     On information and belief, Defendant hosts, develops, programs, operates, supports, and/or provides network services to enable Swarm App users to interact and perform certain functions, including tracking user locations and transmitting/receiving messages ("Swarm Services").  *See, e.g.*, https://developer.foursquare.com/docs/2014update ("The API documented on this site continues to be the exact same API that both Foursquare 8.0 and Swarm use."); https://developer.foursquare.com/docs/ ("The Foursquare API provides methods for accessing a resource such as a venue, tip, or user.  In spirit with the RESTful model, each resource is associated with a URL.").

16.     On information and belief, the Swarm App can be downloaded and installed onto computing devices ("Swarm Device") running several different operating systems, including but not limited to certain versions of iOS, Android, and Windows Phone.

17.     On information and belief, a Swarm App user can send a friend request to another Swarm App user who can then accept the request.  *See, e.g.*, https://support.foursquare.com/hc/en-us/articles/201065170 (showing how to add friends on Swarm).  Alternatively, a friend request that includes a hyperlink to download the Swarm App can be sent to someone who is not currently a Swarm App user.

18.     On information and belief, a Swarm App user can send a message to one or more friends.  *See, e.g.*, https://support.foursquare.com/hc/en-us/articles/204206474 ("Messages make

it easier to meet up with your friends!  You can now use Swarm to message one friend, a select

group of friends, or all friends nearby.").  These messages are sent over the Internet.  For

example, messages will not be delivered if mobile data usage and Wi-Fi on the Swarm Device

are disabled.

19.     On information and belief, when a Swarm App user sends a message to one or

more friends, the specific location of his/her Swarm Device will be shared on a map.  For

example:



(Samsung Galaxy S6 screenshot of Swarm App after selecting a friend to send a message to);




https://support.foursquare.com/hc/en-us/articles/204206474; *see also, e.g.*, *id*. ("To send a

message, just tap on the compose button on the upper left side of the screen and add the friends

you want to message.  Sending a message lets you share your specific location with your friends

right on the map."); https://foursquare.com/legal/privacy ("when you send a message on Swarm,

your mobile device's location is shared with all recipients of the message, including friends of

friends on Swarm who have received the same message (e.g., if you respond to a group message

sent by a friend, all of the participants in that group message may see your mobile device's

location)."); Chris Welch, *Swarm updates app with simpler messaging and group chat*, The

Verge (Mar. 12, 2015) ("Your location will be displayed for any messages you fire off — on a

map, which is a bit more specific than the neighborhood that's usually attached to a user's

name."), *available at* http://www.theverge.com/2015/3/12/8204813/swarm-adds-private-

messaging.

20.     On information and belief, when a Swarm App user replies to a friend's message,

the specific location of his/her Swarm Device will be shared on a map.  *See, e.g.*,

https://support.foursquare.com/hc/en-us/articles/204206474 ("When you participate by replying

back to a message, your phone's location will be shared with the other participants in the

message.  Don't worry, your phone's location is not shared when you read or receive a message,

only if you reply.").

21.     On information and belief, the map referred to in paragraphs 19 and 20 *supra* can

show the locations of both the message sender's Swarm Device and the message recipient's

Swarm Device.

22.     On information and belief, the Swarm App transmits Swarm Device location

information determined at least in part from the Swarm Device GPS to the Swarm Services over

the Internet.  *See, e.g.*, https://support.foursquare.com/hc/en-us/articles/202659834 ("Swarm

deals with location, so in order to work, Swarm needs to know your location.  Whenever you

open and use/interact with the Swarm app on your mobile device, we use the location

information from your mobile device to tailor the Swarm experience to your current location

(i.e., we'll show you a list of nearby locations, friends and tips)."); Swarm Google Play App

store ("A note on battery.  We've spent *years* developing the location technology that powers

Swarm, making it extremely power efficient.  But, as with all apps of this type, continued use of

GPS running in the background can dramatically decrease battery life."); Swarm for Android

permissions (requiring permissions to, *inter alia*, "precise location (GPS and network-based),"

"receive data from Internet," and "full network access"); *see also generally*

https://developer.foursquare.com/docs/ (various Foursquare/Swarm API endpoints that require

the "ll" parameter, which is the "latitude and longitude of the user's location").

23.     Therefore, the Swarm Services integrated with existing Swarm Devices configured to determine their respective locations at least in part from GPS data (the "Accused System") falls within the scope of at least claim 1 of the '448 patent.

24.     The Accused System also falls within the scope of claim 4 of the '448 patent because, for example, it is configured to return a subset of friends that are "nearby."  For example:



([https://www.swarmapp.com/](https://www.swarmapp.com/) (red highlighting around "NEARBY" added).)

25.     The Accused System also falls within the scope of claim 6 of the '448 patent because it is configured to automatically identify Swarm Devices.  For example, each Swarm Device can share its current location, name, photo, and other identifying information.  *See, e.g.,* *supra* ¶¶ 19, 20; https://support.foursquare.com/hc/en-us/articles/202912510-Who-can-see-my-

information-on-Swarm- (Swarm App user information such as name, profile photo, home city, and bio are viewable to the public, and the location and time of check-ins and private check-in photos are also viewable to Swarm App friends).

### *Direct Infringement of System Claims 1, 4, and 6 of U.S. Patent No. 7,797,448*

26.     Defendant, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '448 patent, including at least claims 1, 4, and 6, by using and making, in this judicial district and/or elsewhere in the United States, the Accused System.  For example, Defendant controls the Accused System as a whole by running, operating, and/or supporting the Swarm Services or otherwise making the Swarm Services available to Swarm Devices, and obtains a benefit from such use at least by maintaining and soliciting advertisement revenue, and collecting fees from businesses "claiming" their Swarm/Foursquare listing.  *See, e.g.*,

https://support.foursquare.com/hc/en-us/articles/201066890-Setting-up-your-ad;

https://support.foursquare.com/hc/en-us/articles/201063930-How-to-claim-your-listing-s-.
Defendant makes the Accused System by hosting and/or launching its Swarm Services or otherwise making its Swarm Services available to existing Swarm Devices configured to determine their respective locations at least in part from GPS data such that they are capable of communicating with each other over the Internet.

### *Inducement of System Claims 1, 4, and 6 of U.S. Patent No. 7,797,448*

27.     At least on or after the filing of this Complaint, Defendant, pursuant to 35 U.S.C. § 271(b), knowingly and intentionally actively induces the infringement of one or more claims of the '448 patent, including at least claims 1, 4, and 6, by instructing and otherwise encouraging infringement and by making the Swarm App available to Swarm users to download and install

onto their respective Swarm Devices in order to use the Accused System.  For example, the

Swarm App requires device permissions that include access to "precise location (GPS and

network-based)," "receive data from Internet," and "full network access."  *See supra* ¶ 22.

Swarm also provides many instructional and promotional materials demonstrating how the

Swarm Devices can communicate with each other in a way that infringes the '448 patent.  *See,*

*e.g.*, evidence cited *supra* at ¶¶ 19, 20.

28.     A Swarm App user, pursuant to 35 U.S.C. § 271(a), directly infringes, literally

and/or under the doctrine of equivalents, one or more claims of the '448 patent, including at least

claims 1, 4, and 6, by using the Accused System.  For example, a Swarm App user controls the

Accused System as a whole by transmitting messages that include his/her current Swarm Device

location to friends' Swarm Devices, and obtains benefits from such use at least by organizing

times and places to meet up with friends.

### *Direct Infringement of Method Claim 8 of U.S. Patent No. 7,797,448*

29.     Defendant, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to

directly infringe, literally and/or under the doctrine of equivalents, claim 8 of the '448 patent by

using, in this judicial district and/or elsewhere in the United States, the Accused System to

identify the locations of Swarm Devices.  *See, e.g.*, evidence cited *supra* at ¶ 22.

### *Inducement of Method Claim 8 of U.S. Patent No. 7,797,448*

30.     At least on or after the filing of this Complaint, Defendant, pursuant to 35 U.S.C.

§ 271(b), knowingly and intentionally actively induces the infringement of claim 8 of the '448

patent by instructing and otherwise encouraging infringement and by promoting, advertising, and

instructing Swarm App users about the Accused System's ability to enable a Swarm Device to

track its own location and the location of other Swarm Devices. *See, e.g.*, evidence cited *supra* at ¶¶ 19, 20.

31.     A Swarm App user, pursuant to 35 U.S.C. § 271(a), directly infringes, literally and/or under the doctrine of equivalents, claim 8 of the'448 patent by using the Swarm Device component of the Accused System to track its own location and the locations of other Swarm Devices.  For example, the locations of other Swarm Devices are tracked by a Swarm App user at least upon receiving messages from Swarm friends in accordance with paragraphs 19 and 20 *supra*.

32.     On information and belief, the owner(s) of the '448 patent have complied with 35 U.S.C. § 287(a) at all relevant times.

33.     Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the '448 patent.

34.     As a consequence of Defendant's infringement of the '448 patent, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

35.     On information and belief, Defendant will continue to infringe the '448 patent unless enjoined by this Court.

36.     As a consequence of continued infringement of the '448 patent by Defendant, Blackbird Technologies has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts unless Defendant is enjoined by this Court from committing further acts of infringement.  Blackbird Technologies has no adequate remedy at law.  In the event this Court determines that it will not award injunctive relief, this Court should

require Defendant to pay damages for past infringement of the '448 patent and royalties for its infringement of the '448 patent on a going-forward basis.

PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A. Adjudging that Defendant has infringed one or more claims of the '448 patent, including at least claims 1, 4, 6, and 8 literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §§ 271(a) and (b);

B. An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

C. Granting Blackbird Technologies permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, affiliates, and all others in active concert therewith from future acts of infringing the '448 patent;

D. In the event that this Court determines that it will not enter injunctive relief, ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '448 patent on a going-forward basis;

E. Adjudging that this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Blackbird Technologies;

F. Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

G.      Granting Blackbird Technologies such further relief as this Court deems just and

proper under the circumstances.

DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

Dated:  July 8, 2016                                STAMOULIS & WEINBLATT LLC

OF COUNSEL                                          */s/ Stamatios Stamoulis*
                                                    Stamatios Stamoulis #4606
                                                       stamoulis@swdelaw.com
Christopher Freeman                                 Richard C. Weinblatt #5080
cfreeman@blackbird-tech.com                            weinblatt@swdelaw.com
Wendy Verlander                                     Two Fox Point Centre
wverlander@blackbird-tech.com                       6 Denny Road, Suite 307
John Handy                                          Wilmington, DE 19809
jhandy@blackbird-tech.com                           (302) 999-1540
Blackbird Tech LLC d/b/a
Blackbird Technologies
One Boston Place, Suite 2600                        *Attorneys for Plaintiff*
Boston, MA 02108                                    *Blackbird Tech LLC*
(617) 307-7100                                      *d/b/a Blackbird Technologies*